## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| STEPHAN HARZ,<br>  *Plaintiff,* | § <br> § <br> § | |
| VS. | § <br> § | **CIVIL ACTION NO. 1:22-cv-00017** |
| | § | **JURY TRIAL REQUESTED** |
| WAL-MART STORES TEXAS, LLC<br>AND SWIFT TRANSPORTATION CO.<br>OF ARIZONA, LLC,<br>  *Defendants.* | § <br> § <br> § <br> § | |

## NOTICE OF REMOVAL

Defendant **WAL-MART STORES TEXAS, LLC** (hereinafter "Defendant"), files this Notice of Removal of the above-styled action pursuant to 28 U.S.C. § 1446(a) and would respectfully represent and show unto this Court the following:

### A. Introduction

1.      Defendant has filed its Civil Cover Sheets pursuant to Local Rule 3.1 and Local Rule 81.1. *See* **Exhibit A.**

2.      On or about December 2, 2021, Plaintiff **STEPHAN HARZ** ("Plaintiff") initiated the state court lawsuit against Defendant in the 250th Judicial District Court of Travis County, styled *Stephan Harz v. Wal-Mart Stores Texas, LLC, and Swift Transportation Co. of Arizona, LLC*; Cause No. D-1-GN-21-007022 (the "State Court Action"). In the State Court Action, Plaintiff alleged a cause of action for premises liability against Defendant. In addition, Plaintiff seeks to recover damages for past and future medical expenses; past and future loss of earning capacity; past and future pain and suffering; past and future mental anguish; past and future physical impairment; past and future physical disfigurement; and punitive damages against Defendant. *See Plaintiff's Original Petition*, attached hereto as **Exhibit B.**

3.     The attorneys involved in the action being removed are listed as follows:

| **Party and Party Type** | **Attorney(s)** |
|---|---|
| Stephan Harz - Plaintiff | Drew Gibbs<br>Texas Bar No. 24045938<br>GIBBS & CRIVELLI, PLLC<br>3307 Northland Drive, Suite 320<br>Austin, TX 78731<br>Phone: 800-488-7840<br>Fax: 888-698-7840<br>Email: drew@slingshotlaw.com |
| Wal-Mart Stores Texas, LLC - Defendant | Brett H. Payne<br>Texas Bar No. 00791417<br>WALTERS, BALIDO & CRAIN, L.L.P.<br>9020 N. Capital of Texas Highway<br>Building I, Suite 170<br>Austin, Texas 78759<br>Phone: 512-472-9000<br>Fax: 512-472-9002<br>Email: paynevfax@wbclawfirm.com |
| Swift Transportation Co. of – Defendant<br>Arizona, LLC | Joe A. Rivera<br>Texas Bar No. 24065981<br>NAMAN, HOWELL, SMITH & LEE, PLLC<br>400 Austin Avenue, Suite 800<br>Waco, TX 76701<br>Phone: 254-755-4100<br>Email: jrivera@namanhowell.com |

4.     The name and address of the court from which the case is being removed is as follows:

> 250th Judicial District Court
> The Honorable Karin Crump
> Travis County Courthouse
> 1000 Guadalupe, 4th Floor
> Austin, Texas 78701
> Phone: (512) 854-9312
> Fax: (512) 854-2469
> Mailing Address:
> P.O. Box 1748
> Austin, Texas 78767

## B. <u>The Notice Of Removal Is Timely</u>

5.      Defendant's agent was served with citation and a copy of Plaintiff's Original Petition on or about December 9, 2021. *See* **Exhibit C**.  Pursuant to 28 U.S.C. § 1446(b), Defendant's Notice of Removal was filed within thirty (30) days after receipt by Defendant, through service or otherwise, of a copy of an initial pleading from which it may first be ascertained that the case is one which is or has become removable.

## C. <u>Complete Diversity & Amount In Controversy Is Over the Threshold</u>

6.      Pursuant to the State Court Action, at the time of the filing of this Petition, Plaintiff Stephan Harz was, and is still, an individual residing and domiciled in Texas.

7.      Defendant Wal-Mart Stores Texas, LLC is now and was at the time of filing of this action a Delaware Limited Liability Company with its principal place of business in Arkansas. The citizenship of an LLC is the same as the citizenship of all of its members.  *Harvey v. Grey Wolf Drilling, Co.,* 542 F.3d 1077, 1080 (5th Cir. 2008).  Wal-Mart Real Estate Business Trust is the sole member of Wal-Mart Stores Texas, LLC.

8.      Wal-Mart Real Estate Business Trust is a statutory business trust organized under the laws of the State of Delaware with its principal place of business in Arkansas.  The citizenship of a statutory trust is the citizenship of its members, which includes its shareholders.  *Americold Realty Tr. v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1016 (2016); *Bynane v. Bank of New York Mellon for CWMBS, Inc. Asset-Backed Certificates Series 2006-24*, 866 F.3d 351, 358 (5th Cir. 2017); *U.S. Bank Tr., N.A. v. Dupre*, 615CV0558LEKTWD, 2016 WL 5107123, at *4 (N.D.N.Y. Sept. 20, 2016) (finding that a Delaware statutory trust "seems precisely like the type [of trust] considered by the Supreme Court in *Americold*").  The sole unit/shareholder of Wal-Mart Real Estate Business Trust is Wal-Mart Property Co.

9.      A corporation is "'a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.'" *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019) (quoting 28 U.S.C. § 1332(c)(1)). Wal-Mart Property Co. is an incorporated entity under the laws of the State of Delaware with its principal place of business in Arkansas. Therefore, Wal-Mart Property Co. is a citizen of Delaware and Arkansas.

10.     Accordingly, for diversity purposes, Wal-Mart Stores Texas, LLC is a citizen of Delaware and Arkansas. *MidCap Media Fin., L.L.C.*, 929 F.3d at 314.

11.     Additionally, according to Plaintiff's petition, the co-defendant in this case, Swift Transportation Co. of Arizona, LLC ("Swift"), is a foreign company organized and doing business under the laws of the State of Delaware and maintains a principal place of business in Arizona. See **Exhibit B.** Upon information and belief, the sole member of co-defendant Swift Transportation Co. of Arizona, LLC is Swift Transportation Co., LLC, the sole member of which is Knight-Swift Transportation Holdings, Inc., which is a publicly-traded corporation organized under the laws of the State of Delaware and with a principal place of business in the state of Georgia. Thus, upon information and belief, co-defendant Swift is a citizen of Delaware and Arizona, and is not a citizen of Texas.

12.     In light of the foregoing, the parties are of completely diverse citizenship. *See* 28 U.S.C. §§ 1332(a), 1332(c)(1) 1441(b).

13.     Further, the case involves an amount in controversy of more than $75,000. *See* 28 U.S.C. § 1332(a). A court can determine that removal is proper from a plaintiff's pleadings if plaintiff's claims are those that are likely to exceed the jurisdictional amount. *See Allen v. R&H Oil & Gas., Co*, 63 F.3d 1326, 1335 (5th Cir. 1995); *De Aguilar v. Boeing Co.*, 11 F.3d 55, 57 (5th

Cir. 1993).   In the State Court Action, Plaintiff alleges he seeks "monetary relief of over $1,000,000.00." See **Exhibit B**.   Thus, the amount in controversy in the instant case meets the requirements for removal.

14.     Copies of all pleadings, process, orders, and other filings in the state court action are attached to this notice as required by 28 U.S.C. § 1446(a). *See* **Exhibit D**.

### D.  Basis for Removal

15.     Because this is a civil action of which the District Courts of the United States have original jurisdiction, this case may be removed by this Court pursuant to 28 U.S.C. § 1446(b). Further, because Plaintiff is a citizen and resident of Texas, both defendants are not residents of Texas, and the amount in controversy exceeds $75,000.00, the Court has subject matter jurisdiction based on diversity of citizenship and residency. 28 U.S.C. § 1132. As such, this removal action is proper.

### E. Filing of Notice with State Court

16.     Promptly after filing this Notice of Removal, Defendant will give written notice of the removal to Plaintiff through his attorney of record and to the clerk of the state court action.

### F. Prayer

17.     **WHEREFORE, PREMISES CONSIDERED,** Defendant Wal-Mart Stores Texas, LLC requests that this Court proceed with the handling of this cause of action as if it had been originally filed herein, that this Court make such orders, if any, and take such action, if any, as may be necessary in connection with the removal of the state court action to this Court, and that it has such other and further relief to which it may show itself justly entitled.

Respectfully submitted,

BY:    */s/ Brett H. Payne*
       Brett H. Payne
       Texas Bar Number 00791417
       Nancy G. Scates
       Texas Bar Number 24032249
       WALTERS, BALIDO & CRAIN, L.L.P.
       Great Hills Corporate Center
       9020 N. Capital of Texas Highway
       Building I, Suite 170
       Austin, Texas 78759
       Phone: 512-472-9000
       Fax: 512-472-9002
       Email: paynevfax@wbclawfirm.com

       **ATTORNEYS FOR DEFENDANT
       WAL-MART STORES TEXAS, LLC**

## CERTIFICATE OF SERVICE

This is to certify that on the 7th day of January, 2022, a true and correct copy of the above and foregoing was forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure.

Drew Gibbs
GIBBS & CRIVELLI, PLLC
3307 Northland Drive, Suite 320
Austin, TX 78731
Email: drew@slingshotlaw.com
**ATTORNEY FOR PLAINTIFF**

Joe A. Rivera
NAMAN, HOWELL, SMITH & LEE, PLLC
400 Austin Avenue, Suite 800
Waco, TX 76701
Email: jrivera@namanhowell.com
**ATTORNEY FOR DEFENDANT
SWIFT TRANSPORTATION CO.
OF ARIZONA, LLC**

                         */s/ Brett H. Payne*
                         BRETT H. PAYNE