# EXHIBIT B
# 1:22-CV-00017

12/2/2021 1:26 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-21-007022
Ruben Tamez

CAUSE NO. D-1-GN-21-007022

| | | |
|---|---|---|
| STEPHAN HARZ<br>　　Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT |
| v. | §<br>§<br>§ | 250TH, DISTRICT COURT<br>_____ JUDICIAL DISTRICT |
| WAL-MART STORES TEXAS, LLC,<br>and SWIFT TRANSPORTATION CO.<br>OF ARIZONA, LLC,<br>　　Defendants | §<br>§<br>§<br>§ | TRAVIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff Stephan Harz, by and through undersigned counsel, comes before this Court to assert the following factual allegations and causes of action against Defendants WAL-MART STORES TEXAS, LLC, and SWIFT TRANSPORTATION CO. OF ARIZONA, LLC.

### I. DISCOVERY

1. Plaintiff pleads that discovery in this matter shall be conducted pursuant to TEX. R. CIV. P. 190.4 (Level III).

### II. PARTIES

2. Plaintiff Stephan Harz ("Plaintiff") is a natural person and resident of Denton County, Texas.

3. Defendant WAL-MART STORES TEXAS, LLC (hereinafter "Defendant" or "Wal-Mart") is a foreign company organized and doing business under the laws of the State of Delaware and maintaining a principal place of business at 702 SW 8th Street, Bentonville, AR 72716. Service of process may be obtained on WAL-MART STORES TEXAS, LLC by serving its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

4. SWIFT TRANSPORTATION CO. OF ARIZONA, LLC (hereinafter "Defendant" or "Swift Transportation") is a foreign company organized and doing business under the laws of

the State of Delaware and maintaining a principal place of business at 2200 S. 75th Ave, Phoenix, AZ 85043-7410. Service of process may be obtained on SWIFT TRANSPORTATION CO. OF ARIZONA, LLC by serving its registered agent, National Registered Agents, Inc., 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

### III.   MISNOMER/ALTER EGO

5.   In the event any parties are misnamed or are not included herein, Plaintiff contends that such was a "misidentification," "misnomer," and/or such parties are/were "alter egos" of parties named herein.

### IV.   JURISDICTION AND MAXIMUM DAMAGES

6.   Jurisdiction is proper in this Court because Plaintiff is entitled to damages in excess of the minimum jurisdiction of this Court.

7.   As a general matter, Plaintiff's counsel believes that the amount of damages to be awarded to a claimant is strictly within the province of the jury. The damages sought by Plaintiff in this case won't be measured by a specific dollar amount as much as they are based on the collective wisdom of a jury. Indeed, the jury will be reminded that it is solely up to them to award intangible damages for all applicable non-economic damages. The jury will also be reminded of the value that we as free Americans place on human life and our right to be free from pain and suffering and to pursue happiness however we see fit. Despite all of the foregoing, and despite the many objections lodged by both the defense bar and the plaintiff bar, the rules now provide that a plaintiff must state how much money they are seeking in a given suit. Therefore, due to the new rules put in place in 2013, and pursuant to Texas Rule of Civil Procedure 47(c)(5), Plaintiff hereby states they are seeking monetary relief of over $1,000,000.00.

### V.   VENUE

8.    Pursuant to Section 15.002(a)(1) of the TEXAS CIVIL PRACTICE & REMEDIES CODE, venue is proper in TRAVIS County because it is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

## VI.   FACTS

9.    On or about March 19, 2020, Plaintiff Stephan Harz was working as an employee of Defendant SWIFT TRANSPORTATION CO. OF ARIZONA, LLC. The scope of Plaintiff's employment generally included picking up trailers, delivering the contents of the trailer to various locations throughout Central Texas, monitoring as these contents were unloaded, re-securing pallets after some pallets were removed and before continuing on to additional destinations, among other duties.

10.   As part of this employment, on March 19, 2020, Plaintiff picked up a sealed, loaded trailer from the Walmart Distribution Center #6083, located at 9605 NW H.K. Dodgen Loop, Temple, TX 76504. Plaintiff did not enter the sealed trailer or make contact with any of its contents prior to making his first delivery stop.

11.   On March 19, 2020, Plaintiff Stephan Harz arrived at his first delivery stop, the Wal-Mart Supercenter #4554, located at 2525 W. Anderson Ln, Austin, TX 78757. As employees of WAL-MART were unloading pallets from the trailer, a poorly stacked pallet fell over and landed on Plaintiff's foot and ankle.

12.   The poorly stacked pallet falling and landing on Plaintiff caused him to sustain serious, life-altering injuries primarily to his foot and ankle.

13.   The Wal-Mart Supercenter #4554 is owned and operated by Defendant WAL-MART STORES TEXAS, LLC, located at 2525 W Anderson Ln, Austin, TX 78757.

14. Defendants did not warn Plaintiff of the dangerous condition presented by the poorly stacked pallet, despite having awareness of it.

15. Defendants did not train Plaintiff as to how to avoid being injured by the poorly stacked pallet while simultaneously accomplishing the job of monitoring the pallets as they were unloaded from the trailer or the jobs of entering the trailer to open interior doors or re-secure loads before continuing on to additional delivery stops.

16. Defendants did not provide Plaintiff with sufficient equipment necessary to avoid sustaining injury from the poorly stacked pallet while simultaneously accomplishing the job of monitoring the pallets as they were unloaded from the trailer or the jobs of entering the trailer to open interior doors or re-secure loads before continuing on to additional delivery stops.

17. Defendants did not exercise ordinary care in stacking pallets, choosing instead to load them in the quickest manner possible while loading the maximum amount of product possible, without consideration of the risks of injury to persons such as Plaintiff from the hazards of unstable, falling pallets, of which they were already well aware.

18. As a direct and proximate result of the falling pallet, Plaintiff suffered personal injuries and resulting damages in an amount to be determined at trial.

### VII.   WORKERS' COMPENSATION NONSUBSCRIBER

19. At all times relevant herein, Plaintiff was an employee of Defendant SWIFT TRANSPORTATION CO. OF ARIZONA, LLC. At the time of the incident in question, Defendant SWIFT TRANSPORTATION CO. OF ARIZONA, LLC was a nonsubscriber to workers' compensation insurance.

### VIII.   RESPONDEAT SUPERIOR

20. As a direct and proximate result of the foregoing acts and/or omissions, Plaintiff alleges that Defendants are responsible for the acts and/or omissions of their employees, agents, and servants under the Doctrine of Respondeat Superior. Under said doctrine, Defendants are responsible for all damages resulting from the negligent acts and/or omissions of their employees, agents, and servants, as said employees were acting within the course and scope of their employment.

### IX. CAUSES OF ACTION AGAINST WAL-MART

#### A. Negligent Activity

21. WAL-MART owed duties of ordinary care to Plaintiff and other persons at their store.

22. WAL-MART's conduct as outlined above breached those duties through various acts and/or omissions, including the following, each of which singularly or in combination with others, constitute acts of negligence that were a direct and proximate cause of the occurrence in question and the resulting injuries or damages set forth herein:

a. Failing to exercise reasonable care to avoid a foreseeable risk of injury to others while loading and/or unloading pallets;

b. Failing to take affirmative action to control or avoid increasing the danger from a condition that has been at least partially created by individual's conduct;

c. Failing to load and/or unload pallets in a safe manner;

23. As a direct and proximate result of the foregoing acts and/or omissions, Plaintiff suffered personal injuries and resulting damages in an amount to be determined at trial.

#### B. Negligent Hiring, Training, Supervision, and Retention

24. Defendant WAL-MART owed duties of ordinary care to Plaintiff and other persons at the store to prudently hire, train, supervise, and retain its employees, including but not limited to those responsible for the safe and proper loading of pallets and/or the safe unloading of pallets rendered unstable by the manner in which they were stacked.

25. Defendant WAL-MART was negligent in the hiring of the employees, known as "order fillers" who stacked the pallets at distribution center, and receiving clerks who unloaded pallets from trailers, in that Defendants knew, or in the exercise of reasonable care should have known, that these order fillers and receiving clerks were unfit or unqualified to properly stack pallets.

26. Defendant WAL-MART was negligent in the hiring of the employees responsible for the job of supervising and participating in the safe and proper loading of pallets and/or the safe unloading of pallets rendered unstable by the manner in which they were stacked.

27. Defendant WAL-MART failed to properly train and/or instruct employees for the job they were to perform and for the safest procedures to follow when there is an unstable pallet being unloaded in an area where other persons are present and/or working. Defendant WAL-MART failed to train their employees concerning the safe and proper loading of pallets and/or the safe unloading of pallets rendered unstable by the manner in which they were stacked, or should have known that its employees were not capable or qualified to supervise and participate in the safe and proper loading of pallets and/or the safe unloading of pallets rendered unstable by the manner in which they were stacked.

28. Defendant WAL-MART was negligent in the supervision of its employees, in that Defendant WAL-MART knew, or in the exercise of reasonable care should have known, that its employees were unfit or unqualified for a position in which they were required to supervise and

participate in the safe and proper loading of pallets and/or the safe unloading of pallets rendered unstable by the manner in which they were stacked. Defendant WAL-MART failed to supervise the job that its employees were to perform. Defendants failed to supervise its employees on the date of the incident in question and failed to prevent its employees from permitting unsafe and improper loading of pallets and/or the unsafe unloading of pallets rendered unstable by the manner in which they were stacked in areas under the control of Defendants.

29. Defendants were negligent in the retention of its employees, in that Defendants knew or in the exercise of reasonable care should have known that its employees were unfit or unqualified for a position in which they were required to supervise and participate in the safe and proper loading of pallets and/or the safe unloading of pallets rendered unstable by the manner in which they were stacked. Defendants negligently retained its employees prior to the date of the incident in question and allowed, or failed to prevent its employees from supervising and participating in the unsafe and improper loading of pallets and/or the unsafe unloading of pallets rendered unstable by the manner in which they were stacked. As a direct and proximate result of the foregoing acts and/or omissions, Plaintiff suffered personal injuries and resulting damages in an amount to be determined at trial.

### C. Premises Liability

30. Plaintiff was an invitee on the premises at Wal-Mart Supercenter #4554.

31. Defendant WAL-MART possesses the premises at Wal-Mart Supercenter #4554.

32. The unstable pallet posed an unreasonable risk of harm.

33. Defendant WAL-MART knew or reasonably should have known of the danger, particularly since they created it.

34. Defendant WAL-MART breached their duty of ordinary care by:

  a. Failing to adequately warn Plaintiff of the unstable pallet; or

  b. Failing to make the pallet stable by stacking it properly.

35. As a direct and proximate result of the foregoing act and/or omissions, Plaintiff suffered personal injuries and resulting damages in an amount to be determined at trial.

### D.  Gross Negligence

36. At the time of the incident, Defendant, WAL-MART, was stacking and unloading pallets in such a manner and under such a condition as to create an extreme risk by its reckless disregard of the rights of others coming in contact with or near its pallets. Defendant, WAL-MART had a long history and to this day continues to do a poor job stacking and unloading its pallets, choosing to load them in the quickest manner possible while loading the maximum amount of product possible without regards to the stability of the pallets. Defendant WAL-MART's pallets are regularly falling over in delivery trailers and injuring people near them, just as they did to Plaintiff, a problem which has been repeatedly documented online in various social media accounts, including but not limited to YouTube and Reddit. Defendant, WAL-MART, although aware of the risk to the rights, welfare and safety of others which are concurrent with loading pallets in the quickest manner possible while loading the maximum amount of product possible without regard to the stability of said pallets, disregarded said risks and continued stacking its pallets in a hurried and unstable manner. WAL-MART's actions demonstrate a conscious indifference to the rights of those near their pallets. The malice demonstrated by such conduct was a proximate cause of the damage to Plaintiff and therefore, Plaintiff is entitled to recover punitive damages.

### X.  CAUSES OF ACTION AGAINST SWIFT TRANSPORATION

37. Defendant SWIFT TRANSPORATION owed a duty of ordinary care to Plaintiff to provide a safe workplace. Defendant SWIFT TRANSPORATION breached that duty through various acts and/or omissions, including the following, each of which singularly or in combination with others, constitute acts of negligence that were a direct and proximate cause of the occurrence in question and the resulting injuries or damages set forth herein:

    a. Failing to provide a reasonably safe work environment;

    b. Failing to use ordinary care in establishment of safety policies and procedures;

    c. Failing to use ordinary care in training employees;

    d. Failing to use ordinary care in furnishing tools, equipment, or instrumentalities to employees;

    e. Failing to use ordinary care in hiring and retaining employees;

    f. Failing to use ordinary care in supervising employees;

    g. Failing to use ordinary care in directing employees;

    h. Failing to account for employee safety when contracting with customers;

    i. Failing to account for employee safety in setting policies and procedures for handling and monitoring customers' freight; and

    j. Failing to provide adequate help to employees and in the performance of their work.

38. As a direct and proximate result of the foregoing acts and/or omissions, Plaintiff suffered personal injuries and resulting damages in an amount to be determined at trial.

## XI. DAMAGES

39. Plaintiff seeks compensatory damages arising from injuries that were proximately caused by the negligence of Defendants in the subject incident. Plaintiff seeks monetary damages from Defendants to compensate the following elements of damages:

   a. Past and future medical expenses;

   b. Past and future loss of earning capacity;

   c. Past and future pain and suffering;

   d. Past and future mental anguish;

   e. Past and future physical impairment;

   f. Past and future physical disfigurement; and

   g. Punitive damages against Defendant WAL-MART.

## XII. TEX. R. CIV. P. 193.7 NOTICE

A. Pursuant to TEX. R. CIV. P. 193.7, Plaintiff hereby gives notice of intent to utilize items produced in discovery against the producing party.

## XIII. PRAYER

WHEREFORE, Plaintiff prays that Defendants be cited according to law to appear and answer herein, and that upon final trial, Plaintiff have judgment against Defendants as follows:

1. An award of actual damages;

2. An award of pre-judgment interest;

3. An award of post-judgment interest; and

4. And other relief the Court determines is just under the circumstances.

Respectfully Submitted,

GIBBS & CRIVELLI, PLLC

By: _____

Drew Gibbs
SBN: 24045938
drew@slingshotlaw.com
3307 Northland Drive, Suite 320
Austin, Texas 78731
(800) 488-7840
(888) 698-7840 (fax)
*Attorneys for Plaintiff*

**THE LAWYER REFERRAL SERVICE OF CENTRAL TEXAS**
A Non-Profit Corporation

---

## IF YOU NEED A LAWYER AND DON'T KNOW ONE, THE LAWYER REFERRAL SERVICE CAN HELP

### 512-472-8303
866-303-8303 (toll free)
www.AustinLRS.com

Weekdays 8:00 am to 4:30 pm
$20.00 for first half hour attorney consultation
(free consultations for personal injury, malpractice, worker's compensation, bankruptcy, and social security disability)

This service is certified as a lawyer referral service as required by the State of Texas under Chapter 952, Occupations Code. Certificate No. 9303

---

## SI USTED NECESITA EL CONSEJO DE UN ABOGADO Y NO CONOCE A NINGUNO PUEDE LLAMAR A LA REFERENCIA DE ABOGADOS

### 512-472-8303
866-303-8303 (llame gratis)
www.AustinLRS.com

Abierto de lunes a viernes de 8:00 am-4:30 pm
$20.00 por la primera media hora de consulta con un abogado
(la consulta es gratis si se trata de daño personal, negligencia, indemnización al trabajador, bancarrota o por incapacidad del Seguro Social)

This service is certified as a lawyer referral service as required by the State of Texas under Chapter 952, Occupations Code. Certificate No. 9303